UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVARES D. NEWMAN
a/k/a TRAVARES D. GRADY,

        Petitioner,

  v.

        Case No. 20-cv-255-pp

DYLON RADTKE,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On February 17, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 convictions in Milwaukee County for first-degree intentional homicide as a party to a crime and possession of a firearm by a felon. Dkt. No. 1. The petitioner paid his $5.00 filing fee on March 13, 2020. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases and requires the respondent to answer or otherwise respond.

**I.    Background**

In 2013, the State of Wisconsin charged the petitioner with first-degree intentional homicide as party to a crime and possession of a firearm by a felon. Dkt. No. 1 at 2; see also State of Wisconsin v. Travares D. Grady, Milwaukee County Case Number 2013CF004533, available at https://wcca.wicourts.gov/. The case proceeded to a jury trial in January 2015, and the jury found the

1

petitioner guilty on both counts. Id. On April 9, 2015, the trial judge sentenced the petitioner to life imprisonment with eligibility for extended supervision on April 9, 2055. Id. On May 18, 2017, after receiving several extensions, the petitioner filed a notice of appeal, and the Wisconsin Court of Appeals issued an order affirming the judgment of the circuit court on March 8, 2018. See State v. Travares Darrell Grady, Appeal Number 2017AP000908-CR, available at https://wscca.wicourts.gov/. The petitioner filed a petition for review with the Wisconsin Supreme Court; that court denied the petition on July 10, 2018. Id. Although the federal petition states that the petitioner sought other post-conviction relief, the case number he provided for those alleged post-conviction motions is the case number for his direct appeal. Dkt. No. 1 at 4-6.

The petitioner lists three grounds for federal *habeas* relief: (1) ineffective assistance of trial counsel for failing to move to suppress evidence found during a warrantless search of a car; (2) prosecutorial misconduct which violated the petitioner's Confrontation Clause rights; and (3) insufficient evidence to convict the petitioner of the felon in possession charge. Dkt. No. 1 at 6-11.

**II.     Rule 4 Screening**

    A.     Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of [his/her] federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition raises grounds cognizable on federal *habeas* review. See Edmond v. United States, 899 F.3d 446, 452 (7th Cir. 2018) (considering the merits of petitioner's claim of ineffective assistance of counsel for counsel's failure to file a motion to suppress); Baer v. Neal, 879 F.3d 769, 781 (7th Cir.

3

2018) (prosecutorial misconduct may constitute grounds for *habeas* relief); Richardson v. Griffin, 866 F.3d 836 (7th Cir. 2017) (granting writ of *habeas corpus* for violation of Confrontation Clause rights at trial); Jackson v. Virginia, 443 U.S. 307 (1979) (sufficiency of the evidence reviewable on *habeas*). The petitioner also appears to have presented his claims to the Wisconsin Court of Appeals during his direct appeal and sought review from the Wisconsin Supreme Court. Dkt. No. 1 at 3-6.

The court questions the timing of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d). Subsection (2) of the same statute provides for tolling of the one-year time period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2).

4

Case 2:20-cv-00255-PP   Filed 07/27/20   Page 4 of 7   Document 5

The petitioner's 2015 conviction appears to have become "final" for purposes of federal *habeas* review when his direct appeal concluded—roughly October 2018.[1] He did not file this *habeas* petition until February of 2020. The petition does not identify any intervening state post-conviction motions that might toll the statute of limitations under 28 U.S.C. §2244(d)(2). Nor does the petitioner mention whether he believes himself entitled to equitable tolling. Because AEDPA's statute of limitations is an affirmative defense, Day v. McDonough, 547 U.S. 198, 203 (2006), however, the court will not dismiss the petition at this time. At this stage, the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds.

Nothing in this order, however, prevents the respondent from later asking the court to dismiss the petition under 28 U.S.C. §2244(d)(1). Similarly, nothing in this order prevents the respondent from arguing that the petitioner has not properly exhausted one or all of his claims or that one or all of his claims have been procedurally defaulted. The respondent has not yet had the opportunity to respond to the petition, and the court will require him to do so.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

---

[1] Approximately ninety days after the Wisconsin Supreme Court denied the petition for review on July 18, 2018.

5

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and

reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 27th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**