# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TRAVARES D. NEWMAN,**

        **Petitioner,**

v.                                  Case No. 20-CV-255

**DYLON RADTKE,**

        **Respondent.**

## DECISION AND ORDER

Travares D. Newman (who also uses the surname Grady) is incarcerated at Green Bay Correctional Institution in the custody of its warden, Dylon Radtke. Newman is serving a life sentence for a murder committed on September 27, 2013. *State v. Grady*, 2018 WI App 28, ¶ 2, 381 Wis. 2d 472, 915 N.W.2d 456, 2018 Wisc. App. LEXIS 296 (unpublished).

Following a jury trial, Newman was convicted of first-degree intentional homicide and other offenses. He was sentenced on April 9, 2015. (ECF No. 16-1 at 1.) After the circuit court denied his motion for post-conviction relief, Newman appealed. On March 8, 2018, the court of appeals affirmed the decision of the circuit court and Newman's conviction. *Grady*, 2018 WI App 28, ¶ 2; (ECF No. 16-4). The Wisconsin

Supreme Court denied Newman's petition for review in an order dated July 10, 2018. (ECF No. 16-6.)

Newman did not seek review by the United States Supreme Court. Therefore, his conviction became final 90 days later, on October 8, 2018, when the time for seeking review expired. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Newman then had one year—until October 8, 2019—in which to file a petition for a writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).

The court did not receive Newman's petition until February 17, 2020. (ECF No. 1.) According to the "Certificate of Inmate Mailing" appended to his petition, it was mailed (and thus filed, *see Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015)) the day before, on February 16, 2020. Consequently, Newman's petition was filed more than four months late, and the respondent moves to dismiss the petition on that basis. (ECF No. 16.)

The one-year statute of limitations may be equitably tolled if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "'Extraordinary circumstances' are present only when an 'external obstacle' beyond the party's control 'stood in [his] way' and caused

2

the delay. In other words, the circumstances that caused a party's delay must be 'both extraordinary *and* beyond [his] control.'" *Lombardo v. United States*, 860 F.3d 547, 552 (7th Cir. 2017) (quoting *Menominee Indian Tribe v. United States*, 136 S. Ct. 750, 756 (2016)) (emphasis in original). "Equitable tolling is granted sparingly …." *Id.* at 553; *see also Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) ("Although not a chimera—something that exists only in the imagination[—]equitable tolling is an extraordinary remedy that is rarely granted." (quotation marks and citations omitted)); *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003) ("We rarely deem equitable tolling appropriate--in fact, we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.").

In an effort to establish the requisite extraordinary circumstances, Newman blames the attorney he retained to represent him following his conviction for the failure to timely file a petition. Newman argues that he was denied the effective assistance of counsel. (ECF No. 19 at 4.) However, a defendant does not have a constitutional right to the effective assistance of counsel beyond a direct appeal. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Thus, counsel's alleged ineffectiveness cannot act as a basis for excusing the untimeliness of Newman's petition.

Nonetheless, instances of *serious* attorney misconduct may rise to the level of an "extraordinary circumstance." *Holland*, 560 U.S. at 652. But simple mistakes by counsel, such as a miscalculation of the filing deadline, do not constitute an "extraordinary

3

circumstance" that would support a finding of equitable tolling. *Id.* at 651; *see also Modrowski*, 322 F.3d at 967 (no equitable tolling when one-day delay was the result of an attorney's incapacity from "a series of physical and mental ailments") (citing *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by a lack of response from an attorney, a language barrier, a lack of legal knowledge, and a transfer between prisons); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (equitable tolling not warranted by unclear law and death of attorney's father)).

Newman retained attorney Jeffrey Jensen on March 17, 2016, to "represent me and provide legal services for me related to proceedings in *State v. Travares Grady (Newman)* …." (ECF No. 20 at 3 (retainer agreement).) Jensen represented Newman in post-conviction proceedings and through his direct appeal in state court. Following the Wisconsin Supreme Court's denial of his petition for review, Newman and Jensen discussed the prospect of Jensen filing a federal habeas petition on Newman's behalf. (ECF No. 20 at 1-2.)

In a letter dated October 20, 2019, Jensen stated that he had discussed the prospect of a federal habeas petition with Newman in a teleconference on June 28, 2019. (ECF No. 20 at 1.) Jensen stated that, following that June 2019 teleconference, he wrote Newman a letter wherein he indicated

> that I was not going to continue to represent you, and I would not be filing a petition for habeas corpus in federal court, unless we came to some understanding about the payment of your fee balance. In that letter, I

4

made it explicit that the petition for habeas corpus should be filed immediately, *but it must absolutely be filed* on or before October 8, 2019.

(ECF No. 20 at 1 (emphasis in original).)

On October 9, 2019, Newman and Jensen spoke by phone, and Newman told Jensen that the deadline for him to file a habeas petition was October 21, 2019. (ECF No. 20 at 1.) Jensen did not have access to his file at the time of the call and so did not independently confirm the correctness of the deadline. (ECF No. 20 at 1.) Jensen agreed to file a habeas petition on Newman's behalf provided Jensen received his required fee no later than October 14, 2019. (ECF No. 20 at 1-2.)

When Jensen received the agreed fee upon October 14, 2019, he began to review Newman's file and recognized that the deadline for filing a habeas petition had already passed. (ECF No. 20 at 2.) In his October 20, 2019 letter Jensen advised Newman that he could not proceed with the petition unless some extraordinary circumstance had prevented Newman from timely filing his petition. He asked Newman if there were any such extraordinary circumstances. (ECF No. 20 at 2.) The record does not indicate whether there was any further communication between Newman and Jensen.

It was not until nearly four months (119 days) after Jensen informed Newman that the deadline had already passed that Newman *pro se* finally filed his habeas petition. Newman identifies four circumstances that he believes add up to an extraordinary circumstance:

5

> 1. That Mr. Jensen's one-year calculation date was in fact wrong, as the operative date was October 10th, 2019.
>
> 2. Petitioner would further state that contrary to Mr. Jensen's assertion, the petitioner never received any such notification, or discussions regarding his refusal or intentions to withdraw from representation of me, or to file the petition for habeas corpus.
>
> 3. Petitioner asserts that he did in fact have conversation with Jensen regarding bringing his account balance current, and that his family did in fact make the discussed payment on October 14th, 2019, in the amount of $3,000, and that after receipt of such payment that he would in fact proceed with the filing of the petition of habeas corpus.
>
> 4. Petitioner asserts that Mr. Jensen's dereliction are the result of baseless and unsubstantiated concerns regarding payment of his fee(s). The records attached hereto demonstrate that the petitioner had in fact been diligent in the payment of any fees or financial obligations to Mr. Jensen. And that it was not until after Mr. Jensen had received payment that he then reviewed Newman's file only to discover that the time period within which his petition for habeas corpus review had expired.

(ECF No. 19 at 5.)

Newman's contention that Jensen was wrong as to the deadline for filing a habeas petition is incorrect. As noted above, Jensen correctly calculated the deadline as being October 8, 2019. But, in any event, whether it was October 8 or 10, it is undisputed that the deadline had already passed when Newman paid Jensen on October 14, 2019. And even if Jensen erred, a lawyer's error in calculating a filing deadline is not an extraordinary circumstance warranting equitable tolling of the statute of limitations. *Holland*, 560 U.S. at 651; *Lombardo*, 860 F.3d at 552.

The nature of Newman's second point is unclear. He may be denying that he received the June 2019 letter that Jensen refers to in his October 2019 letter. Or he may be denying simply that Jensen ever told him he was going to withdraw from representing Newman. For present purposes the court will construe the facts in the light most favorable to Newman and accept that Newman is denying having received the June 2019 letter. But even if Jensen did not explicitly inform Newman of the deadline for filing a habeas petition and state that he was not going to file a petition for Newman unless his fee was paid, these facts would not constitute an extraordinary circumstance. *See, e.g.*, *Youngmark v. Boughton*, No. 18-cv-911-pp, 2020 U.S. Dist. LEXIS 115648, at *14 (E.D. Wis. July 1, 2020) (finding that an assertion that his "lawyer did not tell him how to properly file a federal habeas petition or how to calculate tolling and due dates" did not constitute extraordinary circumstances). Ultimately, it remained Newman's responsibility to "vigilantly oversee" all efforts to challenge his conviction. *Modrowski*, 322 F.3d at 968.

Another reason Newman cannot pass the blame off on Jensen is that Newman has failed to even show that he had retained Jensen to file a habeas petition prior to the deadline expiring. He has demonstrated, at best, only that he had discussed the prospect of retaining Jensen. It was not until October 9, 2019, that Jensen conditionally agreed to represent Newman in a federal habeas proceeding, provided Jensen received his fee no later than October 14, 2019—one week before the date that Newman had

incorrectly told Jensen was the deadline for filing a federal habeas petition. Although Newman paid the fee on October 14, 2019, the actual deadline had already passed. Far from "baseless and unsubstantiated concerns regarding payment of his fee(s)" (ECF No. 19 at 5), as Newman argues, Jensen reasonably expected to be paid before undertaking further work on behalf of Newman.

Moreover, Newman offers no explanation for the additional four months it took him to file his habeas petition after Jensen informed him that the deadline had already passed.

In sum, Newman has failed to show either that he pursued his rights diligently or that some extraordinary circumstance stood in his way and prevented him from timely filing his petition. Although Newman had preliminary discussions with counsel, no agreement regarding representation was reached until after the deadline had passed. Because Newman has failed to establish a basis for equitable tolling, the court is compelled to grant the respondent's motion to dismiss.

Finally, having concluded that Newman's petition is untimely and must be dismissed, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant him a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of

the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that its decision that Newman's petition is untimely and equitable tolling is not applicable is not fairly debatable. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss (ECF No. 15) is **granted**. Travares D. Newman's petition for a writ of habeas corpus and this action are dismissed with prejudice. The court denies Newman a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of May, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge